UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00024-MTS |
| | ) |
| SECC FINANCIAL OFFICE MEMBERS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Angel David Rios-Rosa for leave to commence this action without prepayment of the required filing fee. The Court will grant plaintiff's application and assess an initial filing fee of $.75. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), an incarcerated person bringing a civil action without prepaying the entire filing fee and costs is still required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to prepay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs. Based on the information contained in his application, plaintiff has an average monthly deposit of $3.75. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.75, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff Angel David Rios-Rosa filed his complaint pursuant to 42 U.S.C. § 1983 against "All Members On Financial Office At SECC." His allegations are set forth in his Statement of Claim. Because the allegations are somewhat confusing, they will be quoted in full:

> On 8-12-2022 some one on financial office at Southeast Correctional Center had has it making a transactions on my stepdaughter (name [redacted]) doing also she it is just 15 years old (D.O.B. [redacted]) doing also I am on and on because I do had has nevers was so evers makes a transactions on hers name so do why hers

name it is on and on doing also do why financial office had has it [making] on my accounts doing also do why on 15 years old child.

Plaintiff alleges no amounts at issue and no injuries. For relief, he seeks $500,000.

## Discussion

Plaintiff's complaint is subject to dismissal for several reasons. First, plaintiff has no standing to bring claims on behalf of other individuals. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person). In other words, plaintiff must allege a personal loss. *See Sargent*, 780 F.2d at 1337. Furthermore, as plaintiff is not an attorney, he can only plead and conduct his own case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel…").

Additionally, plaintiff has not alleged a violation of a federal statutory or constitutional right, and therefore this Court does not have subject matter jurisdiction. Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). Liberally construed, plaintiff has raised no federal question on the face of his complaint. Thus, this Court lacks subject matter jurisdiction over the complaint and will dismiss it on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. Doc. [2].

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of March, 2023.

                                            MATTHEW T. SCHELP  
                                            UNITED STATES DISTRICT JUDGE